**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| ERVIN MOYE, | ) | CIVIL ACTION NO. 9:15-1726-RMG-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| WARDEN TRAVIS BRAGG, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This case has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. §2241. Petitioner, an inmate with the Federal Bureau of Prisons (BOP), challenges a detainer lodged against him by the State of Florida. Specifically, Petitioner contends that the State of Florida has violated the Interstate Agreement on Detainers ("IAD") by "refusing to sentence him in a timely fashion" and further alleges that the Florida "charges should be dismissed due to the State of Florida's violation of the IADA." See Court Docket No. 6-1, p. 3.

The Respondent filed a motion for summary judgment on September 23, 2015. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on September 24, 2015, advising the Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition on October 16, 2015.





Respondent's motion is now before the Court for disposition.[1]

**Background**

Petitioner is incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina (FCI Bennettsville). Petitioner contends that he pled guilty to a charge in Florida on or about November 13, 2012. See Court Docket No. 1-1, pp. 5-13. The Florida court accepted the guilty plea, but postponed sentencing until January 8, 2013 because of Petitioner's plea counsel's request for a delay based on Petitioner having five minor children. Id. at 11.

Petitioner was then indicted on a federal charge on January 15, 2013, and Respondent represents that, according to Pacer, Petitioner was arrested on the federal charges on January 16, 2013. Id. at 17. It is uncontested that Petitioner had not been sentenced on his state charge at the time of his arrest on this federal charge. Thereafter, in a motion dated February 10, 2014, Petitioner moved the State of Florida for "Final Disposition" for sentencing. Id. at pp. 30-33. However, a Florida state court judge denied Petitioner's motion, finding that "where, as here, a defendant has been convicted of a crime as a result of a guilty plea, there is no pending "untried indictment, information, or complaint," even though defendant had not been sentenced, citing Bogue v. Fennelly, 705 So.2d 575, 577 (Fla. App. 4 Dist. 1997). Id. at 36. Petitioner appealed this decision and his appeal was denied. Id. at 38.

**Discussion**

A petition under 28 U.S.C. § 2241 is limited to claims challenging the validity of an

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed motion to dismiss and/or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.





individual's detention and execution of a current sentence, and is typically sought in the district of confinement. United States v. Miller, 871 F.2d 488 (4th Cir. 1989); United States v. Massingale, 801 F.2d 395 (4th Cir. 1986); McNair v. McCune, 527 F.2d 874 (4th Cir. 1975). Petitioner is not challenging his current custody in federal prison in this § 2241 petition; rather, he is challenging his potential future confinement by the State of Florida by challenging the Florida detainer. Even so, Respondent concedes that Petitioner satisfies the "in custody" requirement of § 2241(c) for a habeas petitioner seeking to challenge confinement that would be imposed in the future by virtue of a detainer, since he alleges that Florida has violated the IAD by declining to act on his detainer. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-489 & n. 4 (1973).

The IAD is "a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." New York v. Hill, 528 U.S. 110, 111 (2000); 18 U.S.C.App. § 2. See Carchman v. New Jersey Dep't of Corrections, 473 U.S. 716, 719 (1985) ["The Agreement is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const. Art. I, § 10, c. 3, and thus is a federal law subject to federal construction. Cuyler v. Adams, 449 U.S. 433, 438-442 [ ] (1981)"]. Under Article III of the IAD, if required prerequisites are met and waiver or continuance are not obtained, a failure to conduct a trial within 180 days can result in a criminal indictment being dismissed. Hill, 528 U.S. at 112. Additionally, the Agreement allows a prisoner in one jurisdiction can seek disposition of detainers filed against him in another jurisdiction. However, "[t]he language of the Agreement . . . makes clear that the phrase 'untried indictment, information or complaint' in Art. III refers to criminal charges pending against a prisoner." Carchman, 473 U.S. at 725. Petitioner is not challenging a detainer in place due to an "untried





indictment" - Petitioner alleges that the State of Florida has violated the IAD by failing to sentence him on the Florida charges subsequent to his guilty plea in November 2012, thereby attempting to have the detainer provision of the IAD applied to his pending sentencing.[2]

However, as the Respondent correctly points out, a delay in sentencing does not impair a defendant's ability to defend against the charges at trial. Carchman, 473 U.S. at 732-733. There is also no constitutional right to a speedy sentencing hearing after guilt has been determined; Id. at 733; and after careful analysis the undersigned does not find that the provisions of the IAD provide Petitioner relief with respect to his sentencing in the Florida case. Cf. Bogue, 705 So.2d at 579 [Declining to apply the IAD provision to a defendant who has pled guilty, but not been sentenced, stating "[t]he vast majority of jurisdictions, including all of the state appellate courts considering the issue, have concluded that sentencing detainers do not trigger the safeguards of the IAD."].[3] See also United States v. Coffman, 905 F.2d 330, 331 (10th Cir. 1990)["We disagree with Tinghitella and hold that 'trial' does not include sentencing for purposes of the IAD anti-shuffling provisions."]; State v. Jimenez, 808 N.W.2d 352, 356-357 (Neb. 2012)[IAD provision is not applicable to a defendant who has been convicted, but not sentenced]; Painter v. State, 848 A.2d 692, 703 (Md.Ct.App. 2004)["[T]he term "trial" in Article III, as well as in Article IV, does not

---

[2]While Petitioner also alleges that the detainer prevents him from participating in certain prison programs in violation of his constitutional rights, a prisoner has no constitutional due process interest in participating in rehabilitative programs. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976).

[3]Although an earlier opinion of the Ninth Circuit did apply the IAD to a sentencing; see Tinghitella v. California, 718 F.2d 308, 312 (9th Cir. 1983)[applying IAD provision to include sentencing]; as noted by the Court in Bogue, the decision in Tinghitella v. California was issued prior to the United States Supreme Court's decision in Carchman v. New Jersey Dep't of Corrections. See Bogue, 705 So.2d at 580; but cf., Hall v. State, 678 F.Supp. 858 (M.D.Fla. 1987).





encompass sentencing. If it did, then the anti-shuffling provision of Article III, as well as of Article IV, would have addressed, we can assume, unsentenced convictions, as it does 'untried indictments, informations, or complaints.' It does not, and thus we conclude that a 'trial', for the purposes of the IAD, refers to the resolution of charges and not necessarily to the imposition of sentence."]; State v. Lewis, 422 N.W.2d 768, 772 (Minn.Ct.App. 1998)[anti-shuffling provision of the IAD not violated when defendant was returned to federal prison pending sentencing on a state charge]. Therefore, Petitioner's claim is without merit.

**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that this Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 1, 2016
Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



