IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ervin Moye, ) | 2016 MAR -7 P 12: 33 |
| ) | Civil Action No.: 9:15-cv-1726-RMG |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Travis Bragg, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report & Recommendation (R & R) of the Magistrate Judge (Dkt. No. 15). For the reasons below, the Court adopts the R & R as the order of the court, grants Respondent's motion for summary judgment (Dkt. No. 10), and dismisses the case with prejudice.

**Background**

Petitioner is a federal inmate incarcerated at the Federal Correctional Institute in Bennettsville, South Carolina. On November 13, 2012, he pled guilty to several state charges in Florida. (Dkt. No. 1-1). Petitioner was subsequently arrested on federal charges on January 16, 2013. (Dkt. No. 1-1 at 17). At the time of his arrest, Petitioner had not been sentenced for his state charges. Petitioner has still not received a sentence for his state charges.

Pursuant to 28 U.S.C. § 2241, Petitioner filed a *pro se* challenge to a detainer lodged against him by Florida. (Dkt. No. 1). Specifically, Petitioner seeks the dismissal of his charges pursuant to the Interstate Agreement on Detainers ("IAD") because Florida "refus[ed] to sentence [him] in a timely manner." (Dkt. No. 1 at 3).

Respondent filed a motion for summary judgment (Dkt. No. 10), and Petitioner filed a response in opposition (Dkt. No. 13). The Magistrate Judge issued an R & R recommending that

1

this Court grant the motion for summary judgment and dismiss the case with prejudice. (Dkt. No. 15). The Petitioner did not file any objections to the R & R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

The IAD "is a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State" *New York v. Hill*, 528 U.S. 110, 111 (2000). If certain required prerequisites are met and a waiver or continuance is not obtained, the failure to conduct a trial within 180 days can result in a criminal indictment being dismissed. *Id.* at 112. However, the

IAD applies only to "criminal charges pending against a prisoner." *Carchman v. Nash*, 473 U.S. 716, 725 (1985).

Here, Petitioner claims that Florida has violated the IAD by failing to sentence him subsequent to his 2012 guilty plea. A delay in sentencing does not impair a defendant's ability to defend against charges at trial, and there is no constitutional right to a speedy sentencing hearing after guilt has been determined. *Carchman*, 473 U.S. at 732–33. Because Peititioner has already pled guilty to the charges, the IAD does not afford him any relief with respect to his sentencing.

## Conclusion

After reviewing the record, the applicable law, and the Magistrate Judge's thorough and thoughtful R & R, the Court **ADOPTS** the R & R as the order of the Court, **GRANTS** Respondent's motion for summary judgment (Dkt. No. 10), and dismisses the case with prejudice.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 7, 2016
Charleston, South Carolina